UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT CHRISTOPHER KETTERBURG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-02926-TWP-TAB |
| | ) | |
| JOHN R. LAYTON Marion County Sheriff, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Denying *In Forma Pauperis* Status, Discussing Complaint,
And Directing Plaintiff to Show Cause**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **denied without prejudice** because the motion contains no information relating to the plaintiff's income, resources, and expenses. He shall have **through November 28, 2016,** in which to either pay the $400.00 filing fee to the Clerk of the Court, or renew his request to proceed *in forma pauperis* with supporting information.

**II.**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute requires the Court to dismiss a complaint or claim within a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

The plaintiff brings his complaint against Marion County Sheriff John R. Layton. The plaintiff alleges no facts, but states in his single sentence complaint that he "formally charges

Defendant Marion County Sheriff John R. Layton with Title 18 of the US Code, Sections 241, 242, 247, 1113, 1117, 2236, 1506, 373, and 2340A, as defined in Section 2340."

The plaintiff does not allege any facts stating what the defendant did to violate these sections of Title 18 and when the acts occurred. The complaint therefore fails to state a claim upon which relief can be granted.

Moreover, Plaintiff is reminded that there is no private cause of action arising out of the criminal statutes asserted by the plaintiff. Any criminal charges would have to be initiated at the United States Attorney's Office, not by filing a civil lawsuit. *See e.g., Brown v. Milwaukee County Jail,* No. 15-cv-509 PP, 2016 WL 128519 (E.D.Wis. Jan. 12, 2016) ("A private citizen, such as the plaintiff, cannot sue someone under 18 U.S.C. § 241; only a federal prosecutor (such as the United States Attorney or the Attorney General) may bring charges under this statute."); *Westbrook v. Keihin Aircon North America,* No. 1:14-cv-09-WTL-DML, 2014 WL 6908472 (S.D. Ind. Dec. 5, 2014) ("18 U.S.C. §§ 241, 242, and 245 are criminal statutes that do not provide for a private right of action.").

The plaintiff shall have **through November 28, 2016,** in which to **either** a) file an amended complaint that states a viable federal civil claim, or b) **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2). Failure to do so will result in the action being dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

Date: 10/31/2016

_____

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Robert Christopher Ketterburg
PO BOX 352
Indianapolis, IN 46206-0352